**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIERRA SHANTA MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-856-RHH |
| | ) | |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Bank of America, N.A.'s[1] Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice. (ECF No. 64.) The motion has been fully briefed and is ripe for review. Plaintiff also has seven motions[2] pending before the Court, and Defendant has responded to each pending motion.

## I. FACTS AND BACKGROUND

On May 15, 2024, Plaintiff initiated this lawsuit *pro se* against Defendant in the Circuit Court of the City of St. Louis. (ECF No. 1-1.) On June 20, 2024, Defendant removed this matter to federal court based on both diversity and federal question jurisdiction. (ECF No. 1.) Defendant

---

[1] Defendant's Notice of Removal states that Plaintiff erroneously names "BANK OF AMERICA" as the defendant, but there is no such entity. In filing a Second Amended Complaint, it appears Plaintiff attempted to correct the misnomer by identifying "Defendant Bank of America, N.A." in certain allegations. *See, e.g.,* ECF No. 61, ¶ 3. However, the caption of the Second Amended Complaint still identifies "BANK OF AMERICA" as the defendant. Assuming Plaintiff intended to name the national bank, Bank of America, N.A., as the defendant, it is the appropriate entity.

[2] First, on September 8, 2025, Plaintiff filed a Motion to Strike Defendant's Exhibits. (ECF No. 66.) Second, on November 4, 2025, Plaintiff filed a Motion to Seal Case. (ECF No. 79.) On February 12, 2026, Plaintiff filed four motions: a Motion for Entry of Clerk's Default (ECF No. 80); a Motion for Summary Judgment (ECF No. 81); a Motion to Unseal Case (ECF No. 82); and a Motion for Ruling (ECF No. 83). Finally, on March 5, 2026, Plaintiff filed a one-sentence motion which states "Motion to withdraw previous filing. Entered February 13, 2026. Motion to Withdraw Pleadings. Corrected Errors) And Amendments Corrected [sic]." (ECF No. 86.)

moved to dismiss the case based on Plaintiff's one-page Petition filed in state court, and the Court denied the motion and gave Plaintiff leave to file a First Amended Complaint that conforms with the Federal Rules. (ECF Nos. 8, 20.) Plaintiff filed a First Amended Complaint (ECF No. 24), Defendant moved to dismiss the same on December 16, 2024, (ECF No. 26), and the motion remained pending for approximately eight months while the Court allowed Plaintiff leave to determine whether she would retain counsel. On August 15, 2026, after receiving Plaintiff's notice of intent to proceed pro se and additional filings, the Court granted Plaintiff leave to file the present Second Amended Complaint (incorrectly titled First Amended Complaint). (ECF Nos. 60, 61.)

Plaintiff's claims in the operative complaint stem from allegations regarding Defendant's failure to safeguard Plaintiff's personal and business banking accounts. Plaintiff alleges Defendant allowed unauthorized transactions in her accounts that resulted in financial loss, disruption of business operations, and emotional distress. For purposes of the pending motions to dismiss, all facts alleged in the Second Amended Complaint are accepted as true and viewed in the light most favorable to Plaintiffs. *Waters v. Madson,* 921 F.3d 725, 734 (8th Cir. 2008).

Plaintiff "maintained both a personal and a business checking account with Defendant Bank of America, including a safe deposit box." (ECF No. 61, ¶ 6.) Plaintiff operated her business Rainbow Treats LLC, "as a sole proprietorship and used the business account to manage all commercial revenues and expenditures." (ECF No. 61, ¶ 7.) Plaintiff deposited and maintained funds in the business account for the operation of Rainbow Treats LLC to manage its operational expenses, and she utilized a Bank of America business debit card associated with the Rainbow Treats LLC account for business transactions. The debit card was declined, and upon review of her account through Defendant's online banking portal and through branch-level inquiries, Plaintiff discovered that significant funds were missing from the account, "including multiple

unauthorized withdrawals and/or transfers." (ECF No. 61, ¶¶ 10-11.) Plaintiff immediately notified Defendant and requested an investigation of suspicious activity, but Defendant failed to provide a timely explanation or recover or reimburse the missing funds and unauthorized transactions. (ECF No. 61, ¶ 13.) Plaintiff does not identify any date(s) of the events alleged, nor does she identify any specific amounts of unauthorized withdrawals or transfers.

Plaintiff also alleges that the safe deposit box maintained with Defendant contained "sensitive business-related and personal documents and valuables," and Plaintiff "discovered irregularities and mishandling relating to" the safety deposit box. ¶ 14. Plaintiff does not identify the dates or other circumstances regarding the irregularities or mishandling, nor does she identify any missing or mishandled contents from the safety deposit box.

Plaintiff's Second Amended Complaint asserts four claims: Negligence (Count I), Breach of Fiduciary Duty (Count II), Negligent Supervision and Internal Controls (Count III), and Conversion (Count IV). Plaintiff alleges that as a result of Defendant's negligence, mishandling, and failure to fulfill its duties, Plaintiff suffered financial losses including the loss of business income, disruption of operations, reputational harm, and emotional distress, and her personal credit and financial standing were negatively impacted. Plaintiff's Second Amended Complaint gives no indication of the monetary sum(s) sought aside from Plaintiff's boilerplate jurisdictional allegation that the matter in controversy exceeds the sum of $75,000. (ECF No. 61, ¶ 4.)

## II. LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure sets forth the requirements to state a claim for relief. Pursuant to Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand]

more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ).

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation omitted). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

## III. DISCUSSION

Defendant asks the Court to dismiss the Second Amended Complaint in its entirety. First, Defendant argues that Plaintiff lacks standing to bring the claims asserted because they appear to be based on transactions made on the business account of Rainbow Treats LLC, not Plaintiff's personal account. Second, Defendant argues that Plaintiff fails to provide sufficient notice of the nature of her claims because the allegations lack detail. Defendant further argues that Plaintiff's claims are precluded by the economic loss doctrine; Plaintiff's duty-based claims fail as a matter of law because Defendant owes no duty beyond the debtor-creditor relationship; and the conversion claim fails as money in a bank account is not subject to conversion under Missouri law.

### A. Standing Challenge

While Defendant frames the issue as one of Article III standing, the arguments raised in Defendant's brief also concern prudential standing, such as third-party and shareholder standing.

> "A plaintiff must establish subject matter jurisdiction, for which standing is a prerequisite." *Jewell v. U.S.*, 548 F.3d 1168, 1172 (8th Cir. 2008). Standing has two related components: "the constitutional requirements of Article III and nonconstitutional prudential considerations." *Franchise Tax Bd. of California v. Alcan Aluminum Ltd.*, 493 U.S. 331, 335 (1990). Constitutional standing consists of three elements: (1) the party must have suffered an injury in fact, meaning an

> actual or imminent concrete and particularized injury to a legally protected interest; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) the plaintiff's injury must be redressable by a favorable decision. *Jewell*, 548 F.3d at 1172. In addition to the constitutional requirements, there are prudential limits to the court's exercise of jurisdiction. *Id.* One of the prudential requirements of the standing doctrine is that a litigant "generally must asserts his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Franchise Tax Bd. of California*, 493 U.S. at 336 (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). With regard to this prudential requirement, the U.S. Supreme Court has stated: "[r]elated to this principle we think is the so-called shareholder standing rule." *Franchise Tax Bd. of California*, 493 U.S. at 336 (quoting *Warth*, 422 U.S. at 499).
>
> As previously touched upon, a corporation is a separate and distinct entity from its stockholders. *Potthoff v. Morin*, 245 F.3d 710, 716 (8th Cir. 2001). The "shareholder standing rule" provides that "[a]ctions to enforce corporate rights or redress injuries to the corporation cannot be maintained by a stockholder in his own name ... even though the injury to the corporation may incidentally result in the depreciation or destruction of the value of the stock." *Id.* (quoting *Brictson v. Woodrough,* 164 F.2d 107, 109 (8th Cir. 1947) (footnotes omitted)). See also *Duff*, 2010 WL 11509207, at *4 (lost profits and reduced revenue are corporate injuries and cannot serve as a basis for a shareholder's direct claim). Thus, as a general rule, "if a harm has been directed toward the corporation, then only the corporation has standing to assert a claim." *Id.* A stockholder's claim can survive only if he alleges "that he personally has suffered a direct, nonderivative injury." *Potthoff*, 245 F.3d at 717. See *Franchise Tax Bd. of California*, 493 U.S. at 336.

*Wolf v. Altmann*, No. 4:22-CV-397 PLC, 2022 WL 17735541, at *16 (E.D. Mo. Dec. 16, 2022).

The Eighth Circuit has not always been consistent in identifying whether third-party and shareholder standing are jurisdictional or prudential issues, and consequently whether failure to state a claim or lack of jurisdiction is the proper vehicle for dismissal. *See id.,* at *16–17 (discussing the inconsistencies).

Here, the Court looks to the allegations in the Second Amended Complaint in considering Plaintiff's standing in this action. At the outset, the Court notes that it is difficult to pinpoint Plaintiff's alleged damages based on her allegations. Plaintiff generally claims that she maintained both a personal and business checking account with Defendant, including a safe deposit box. She operated Rainbow Treats LLC using the business account, and she kept business-related and

personal documents and valuables in the safe deposit box. Plaintiff also claims that Defendant allowed for unauthorized withdrawals and/or transfers, and "irregularities" and "mishandling" of the safe deposit box. Plaintiff does not provide further detail on the irregularities or mishandling, nor does Plaintiff specify if anything was missing from the safe deposit box. She also does not allege when any of the conduct took place, or how much is missing from Rainbow Treats, LLC's bank account. Plaintiff alleges she suffered substantial financial losses, including the loss of business income, disruption of operations, reputational harm, and emotional distress. (ECF No. 61, ¶ 16.)

Construing the allegations very liberally in favor of Plaintiff as non-movant, Rainbow Treats, LLC suffered injury because of unauthorized withdrawals from the Rainbow Treats, LLC bank account and mishandling of the safe deposit box. Assuming Defendant was at fault for missing funds withdrawn from Rainbow Treats, LLC's accounts, Defendant's conduct caused the injury.

The only arguably cognizable injury that *Plaintiff* sustained was emotional distress. Lost business funds, profits, expenses, business interruption, and reputational damage are injuries to the LLC, not personal injuries to individual LLC members. Accordingly, those injuries are not recoverable by Plaintiff in this case. *See* Mo. Rev. Stat. § 347.069 ("A member, manager, employee, or agent of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce such person's right against or duty or liability to the limited liability company."); *see also In re Heyl,* 502 B.R. 337, 342 (8th Cir. 2014) ("The limited liability company, not a member, is the proper party to enforce the limited liability company's rights against third parties."); *Wolf v. Altmann*, 2022 WL 17735541, at *15 ("Assuming *arguendo* that Counts II and III of the amended counterclaim allege that Wolf's

fraudulent and/or negligent misrepresentations caused damage by diminishing the value of Botannis' stock and causing Botannis to lose "out on millions in gross profit," Altmann has failed to allege that *he* sustained a cognizable injury. As already discussed, diminished share value and lost profits are corporate injuries, not personal injuries to individual stockholders.") (emphasis in original); *Finley v. Takisaki*, 2006 WL 1169794, at *3 (W.D. Wash. Apr. 28, 2006) (plaintiffs' "personal economic loss as a result of Defendants' wrongdoing" was insufficient to create standing because the loss derived from the plaintiffs' membership in the LLC).

Plaintiff alleges emotional distress damages in Counts I, II, and III of the Second Amended Complaint. Therefore, the Court will address Defendant's alternative grounds for dismissal of these claims. However, in Count IV for conversion, Plaintiff alleges that she suffered "financial loss, disruption of business activities, and other compensable damages." (ECF No. 61, ¶ 42.) Because the asserted injuries for conversion are purported injuries to Rainbow Treats LLC, not to Plaintiff, Count IV is dismissed for lack of standing.

**B. Failure to State a Claim**

Plaintiff brings four causes of action against Defendant: negligence, breach of fiduciary duty, negligent supervision and internal controls, and conversion. Defendant argues that each count fails to state a claim. As discussed above, Count IV is dismissed for lack of standing.[3] The Court will also dismiss Counts I, II, and III for failure to state a claim.

---

[3] To the extent Plaintiff's claim for conversion in Count IV seeks the funds from Plaintiff's or Rainbow Treat LLC's account(s), the claim would fail for the additional reason that Plaintiff cannot make a conversion claim for money damages. "Conversion is not the appropriate action when the claim is solely for the recovery of money." *Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1145 (E.D. Mo. 2015) (citing *Capitol Indem. Corp. v. Citizens Nat'l Bank of Ft. Scott, N.A.*, 8 S.W.3d 893, 900 (Mo. Ct. App. 2000) (citing *Dillard v. Payne,* 615 S.W.2d 53, 55 (Mo. banc 1981))); *see also Martin v. Lindenwood Univ.*, No. 4:20-CV-1128 RLW, 2021 WL 3077665, at *7 (E.D. Mo. July 21, 2021) (dismissing plaintiff's claim for recovery of "specific sums of money that were converted, namely the tuition and fees he paid for the Spring 2020 semester"); *Moore v. Compass Grp. USA, Inc.*, No. 4:18CV1962 RLW, 2019 WL 4723077, at *12 (E.D. Mo. Sept. 26, 2019) (dismissing claim for conversion where plaintiff "merely claims she

**1. Counts I (Negligence) and III (Negligent Supervision and Internal Controls)**

In Count I, Plaintiff alleges that Defendant breached its duty of reasonable care in failing to safeguard Plaintiff's personal and business accounts from unauthorized access and withdrawals, failing to implement or maintain security protocols, and mishandling or mismanaging Plaintiff's safe deposit box contexts and related security. Plaintiff alleges that as a result, she suffered "financial losses, including the loss of business funds, lost income and profits, out-of-pocket expenses, damage to her business reputation, and emotional distress." (ECF No. 61, ¶ 22.) Similarly, in Count III, Plaintiff alleges Defendant had a duty to exercise reasonable care in supervising its employees, systems, and internal procedures to ensure the protection of customer accounts and property, and Defendant breached its duties by failing to adequately supervise employees responsible for maintaining Plaintiff's accounts, investigate or respond appropriately to reports of unauthorized transactions, implement industry-standard protocols for account security and fraud prevention, monitor and flat irregular or suspicious activity on the Rainbow Treats account, or protect Plaintiff from foreseeable risks associated with unauthorized withdrawals or access. Plaintiff alleges that as a result, she suffered "significant losses" including "misappropriated funds, lost revenue, reputational damage, business interruption, and emotional distress." (ECF No. 61, ¶ 35.)

To recover for negligence, a plaintiff must establish (1) defendants owed a duty of care to the plaintiff, (2) a breach of that duty, (3) the breach was the proximate cause of the resulting injury, and (4) actual damages resulted. *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426 (Mo. 1985). To state a prima facie case of negligent

'suffered damages due to that conversion in the amount that [Compass] improperly withdrew from her accounts.'").

supervision, a plaintiff must plead "(1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property." *Lipp v. Ginger C, L.L.C.*, No. 2:15-CV-04257-NKL, 2016 WL 1583663, at *10 (W.D. Mo. Apr. 19, 2016) (quoting *Cook v. Smith*, 33 S.W.3d 548, 553–54 (Mo. App. 2000).

Defendant argues, *inter alia,* that Plaintiff is precluded from bringing a negligence claim by the economic loss doctrine. The economic loss doctrine prohibits a plaintiff from seeking to recover in tort for economic losses that are contractual in nature. *Captiva Lake Invs., Ltd. Liab. Co. v. Ameristructure, Inc.*, 436 S.W.3d 619, 628 (Mo. Ct. App. 2014). *See also Nelson v. Todd's, Ltd.*, 426 N.W.2d 120, 123 (Iowa 1988) ("The well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.") (applying Iowa law). The Court considers the issue of damages first because if the economic loss doctrine does in fact preclude Plaintiff from seeking tort claims sounding in negligence, then considering whether Plaintiff established the other elements is unnecessary.

As discussed above, Plaintiff does not have standing to assert a claim for the monetary damages to Rainbow Treats LLC. In addition to monetary damages, Plaintiff alleges non-monetary damages in the form of emotional distress. The pleading of non-monetary damages would normally preclude the economic loss doctrine from being applied; however, Plaintiff "does not offer any allegations, other than conclusory statements in her [second] amended complaint, to reasonably infer that she suffered these non-monetary damages." *Vance Romero v. Selene Fin., LP*, No. 4:22-CV-00829-BCW, 2023 WL 8586721, at *4 (W.D. Mo. Nov. 20, 2023) (plaintiff's

allegations of "emotional distress, pain and suffering, mental trauma, loss of enjoyment of life, humiliation, embarrassment, time, loss of credit reputation, and invasion of privacy" did not preclude application of economic loss doctrine where non-monetary damages are conclusory and unsupported by factual allegations). Therefore, Count I and Count III both fail to state a claim because Plaintiff's non-monetary damages claim is conclusory, and the monetary damages claimed are those of Rainbow Treats LLC, not Plaintiff.[4]

**2. Count II (Breach of Fiduciary Duty)**

In Count II, Plaintiff alleges that by virtue of the banking relationship between Plaintiff and Defendant, Defendant owed Plaintiff a fiduciary duty to act with good faith, honesty, and loyalty in managing her funds and safeguarding her property, and Defendant breached that duty in allowing unauthorized and unlawful access to Plaintiff's business account; failing to properly investigate Plaintiff's reports, refusal to reimburse Plaintiff for funds, mishandling or compromising the security of the safe deposit box, and placing Defendant's own convenience and interests above its fiduciary obligations to Plaintiff. (ECF No. 61, ¶ 27.) Plaintiff alleges she

[4] *Assuming arguendo* the monetary damages were injuries to Plaintiff, the claim would be barred by the economic loss doctrine. *See, e.g., R&R Propane, LLC v. Tiger Payment Sols., LLC*, 756 F. Supp. 3d 734, 746 (E.D. Mo. 2024) (finding negligence claim barred by economic loss doctrine because the small business plaintiff failed to show that any "alleged duty to determine the legitimacy of the documents supplied by the Unauthorized Persons or the authority of the person other than Rowden to authorize changes in the bank for [Rowdan's company]" existed independent of the contractual agreement between plaintiff and defendant service provider); *OS33 v. CenturyLink Commc'ns, L.L.C.*, 350 F. Supp. 3d 807, 815 (E.D. Mo. 2018) ("Missouri prohibits a cause of action in tort where the losses are purely economic. Recovery in tort is limited to cases in which there has been personal injury, or property damage either to property other than the property sold, or to the property sold when it is rendered useless by some violent occurrence.") (internal quotation omitted). *See also Stokes v. A.Y. Mcdonald Indus., Inc.*, 2026 WL 1651283, at *4 (N.D. Iowa June 8, 2026) ("Iowa law generally does not permit recovery for emotional distress or mental anguish in negligence cases without either an accompanying physical injury or the injury being intentionally inflicted."); *Mohsen v. Veridian Credit Union*, 733 F. Supp. 3d 754, 767 (N.D. Iowa 2024) (applying Iowa law to find plaintiff's "allegations of emotional harm do not preclude application of the economic loss rule to bar his negligence claim. I agree with those courts that have recognized that allowing plaintiffs to simply plead emotional harms based on purely economic injuries would swallow the economic loss rule.").

suffered "loss of business income, disruption of operations, damage to reputation, emotional distress, and other foreseeable injuries." (ECF No. 61, ¶ 28.)

"When breach of fiduciary duty is asserted as a tort claim, as here, the proponent must establish that a fiduciary duty existed between it and the defending party, that the defending party breached the duty, and that the breach caused the proponent to suffer harm." *Robinson v. Langenbach*, 599 S.W.3d 167, 178) (Mo. 2020) (quoting *W. Blue Print Co. v. Roberts*, 367 S.W.3d 7, 15 (Mo. 2012)); *see also Robert T. McLean Irrevocable Tr. v. Patrick Davis, P.C.*, 283 S.W.3d 786, 792-93 (Mo. Ct. App. 2009) ("An adequately pleaded claim for breach of fiduciary duty consists of the following elements: '1) the existence of a fiduciary relationship between the parties, 2) a breach of that fiduciary duty, 3) causation, and 4) harm.'" (quoting *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 411 (Mo. Ct. App. 2000))). "Whether a fiduciary duty exists is a question of law, while the breach of that duty is for the trier of fact to decide." *W. Blue Print*, 367 S.W.3d at 15.

As an initial matter, the undersigned notes that Count II suffers from the same deficiencies in Counts I and III. *See supra.* Specifically, Plaintiff's damages allegations articulate damages to Rainbow Treats LLC, not to Plaintiff, and therefore are not recoverable by Plaintiff in this claim. To the extent Plaintiff attempts to proceed on her claim for "emotional distress" and/or "other foreseeable injuries," these damages are too conclusory and unsupported by factual allegations. *See Vance Romero v. Selene Fin., LP*, 2023 WL 8586721, at *4 ("because the non-monetary damages are conclusory and are unsupported by factual allegations pled in Plaintiff's amended complaint, the non-monetary damages pled on all claims are dismissed from the instant case."). Count II is dismissed on this basis.

Even if Plaintiff adequately alleged an injury, the claim would still be dismissed for failure to allege facts to establish the existence of a fiduciary duty. "Whether a fiduciary duty exists is a question of law." *Western Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 15 (Mo. banc 2012). "A fiduciary duty may arise as a matter of law by virtue of the parties' relationship, e.g., attorney client, or it may arise as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former." *Shervin v. Huntleigh Sec. Corp.*, 85 S.W.3d 737, 740-41 (Mo. Ct. App. 2002). "Fiduciary duty is not created by a unilateral decision to repose trust and confidence; it derives from the conduct or undertaking of the purported fiduciary which is recognized by the law as justifying such reliance." *Glanzer v. Bank of Am., N.A.*, No. 14-0298-CV-W-REL, 2014 WL 6604788, at *12 (W.D. Mo. Nov. 20, 2014). Here, Plaintiff's allegations that a duty arose from the banking relationship between Plaintiff and Defendant and that Defendant "occupied a position of trust and confidence and owed Plaintiff a fiduciary duty" is insufficient to establish a legally-recognizable duty. *See id.* at *14 (finding "Plaintiffs' bald allegation that Bank of America owed plaintiffs a duty does not turn a contractual claim into a negligence claim."); *see also R&R Propane, LLC v. Tiger Payment Sols., LLC*, 756 F. Supp. 3d 734, 745 (E.D. Mo. 2024) (dismissing fiduciary duty claim where plaintiff entered into contract with defendants to process business accounts "because parties may deal at arms length for mutual profit without subjecting themselves to heightened fiduciary duties") (internal quotation omitted). Accordingly, Count II is alternatively dismissed on this additional ground.

## IV. CONCLUSION

Plaintiff's Second Amended Complaint is dismissed with prejudice for lack of standing and failure to state a claim against Defendant. *See Briggs v. City of St. Louis*, No. 4:22 CV 282

DDN, 2022 WL 16635123, at *4 (E.D. Mo. Nov. 1, 2022) (A dismissal with prejudice is appropriate when a plaintiff has shown "persistent pleading failures" despite receiving the opportunity to amend their pleading.") (quoting *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438–39 (8th Cir. 1983)). Consequently, Plaintiff's pending motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice is **GRANTED**. [ECF No. 64.]

**IT IS FURTHER ORDERED** that Plaintiff's pending motions are **DENIED as moot.** [ECF Nos. 66, 79, 80, 81, 82, 83, 86.]

The Court will issue a separate order of dismissal.

Dated this 21st day of August, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE